## INSUFFICIENT GROUNDS FOR RECEIVER OF A CORPORATION.

[Superior Court of Cincinnati, General Term.]

THE AMERICAN FRUIT & STEAMSHIP CO. v. ELSWORTH DOX ET AL.

Decided, January, 1906.

*Corporations—Insolvency of—Creditors Holding Claims for Unliquidated Damages—Not Entitled to a Receiver—Status of Cross-Petitioners Who are Mere Contract Creditors—Jurisdiction—Where the Res is in Another State.*

1. The mere insolvency of a corporation is not sufficient ground to warrant the appointment of a receiver.
2. A contract creditor of a corporation will not be heard to ask for the appointment of a receiver to collect unpaid stock subscriptions, until he has reduced his claim to judgment and execution has been returned unsatisfied; nor will jurisdiction of the cause be retained for the benefit of such cross-petitioners.
3. A court of equity has no jurisdiction over a foreign corporation where the *res* with reference to which relief is sought is in another jurisdiction and no decree can be made effective.

HOFFHEIMER, J.; HOSEA, J., and LITTLEFORD J., concur.

Error to special term.

Defendant in error was plaintiff below, and plaintiff in error was defendant below. The petition of plaintiff contains two causes of action. One, equitable, to set aside a transfer of real estate, or rescission of a contract to convey real estate; the other, legal claim for money alleged to be due for services.

The American Fruit & Steamship Company is a foreign corporation, and the real estate referred to is located in the Spanish Honduras. One of the corporation's officers, viz., the managing agent, resided in this county, and the company had an office in Cincinnati and also in Chicago. Cross-petitioners (defendants in error) represent claims for unliquidated damages. They allege that the American Fruit & Steamship Company was insolvent, and asked the court to appoint a receiver, with the avowed purpose of reaching and subjecting to their claims the liability and indebtedness of the several stockholders of the company, for the unpaid balance of their subscriptions to the stock. The court appointed a receiver. It is now claimed that the action of the court was erroneous, and these proceedings are for the purpose of setting said receivership aside.

The bill of exceptions is brief, and it seems that the evidence consisted: (1) Of the motion of the cross-petitioners verified and used as an affidavit. (2) The affidavit of the secretary of the American Fruit & Steamship Company, denying the allegations of the motion. Also, (3) certain statements of the counsel for Dox, plaintiff below, and (4) statements of the counsel for the cross-petitioners. The former represented to the court that his client had practically abandoned his action and he (counsel) was simply a "looker-on"; the former averred his belief that the company was about to withdraw its Cincinnati office and that the company's assets, which consisted principally of the amount due on unpaid subscriptions, would be lost unless a receiver was appointed to preserve them. The appointment of a receiver was vigorously resisted by the attorney for the corporation. The question as to whether the court erred under the circumstances, in appointing a receiver, resolves itself into several propositions:

1. Can a receiver be appointed for a corporation upon the application of simple contract creditors, upon an allegation of insolvency?

2. Have simple contract creditors any right, either directly against the stockholders, to recover the unpaid balance of their subscriptions, or indirectly, to have the unpaid balance recovered through the instrumentality of the receiver of the corporation?

3.  Can it be said, as it is here urged, that the court having once acquired equitable jurisdiction, can retain the bill and grant the relief sought by the cross-petitioners?

4.  As equitable defenses as well as defenses at law may be waived, can it be said that there was a waiver by the plaintiff in error?

From what has been said, it is apparent that the cross-petitioners come into equity, representing claims for unliquidated damages; they ask to have these damages ascertained, and at the same time, through the equitable remedy of a receiver, practically seek equitable execution. It seems to be settled, that mere insolvency is not sufficient to warrant the appointment of a receiver (*Cin., H. & D. Ry.* v. *Duckworth*, 2 C. C., 518), and furthermore it is evident that the cross-petitioners, who were simply contract creditors, have not reduced their claims to judgment, nor issued execution, nor has a return "*nulla bona*" been made. Equitable assets of a corporation, such as unpaid stock subscriptions, can not be reached until these various steps have been taken. And nothing short of the taking of these steps places the simple contract creditor in a position to enforce payment of unpaid subscriptions. "The general rule is, of course, that a court of equity will not appoint a receiver of a corporation, upon the application of a creditor without a lien, who has not reduced his claim to judgment." 5 Pomeroy Eq. Jurisp., Section 125 (1905), and cases cited.

In *Bronson* v. *Schneider*, 49 Ohio St., 438, 440, the court said:

"It is necessary that the creditor's claim be reduced to judgment and execution returned unsatisfied, or, that the property of the corporation, by some legal proceeding, be put in process of application to the payment of its debts, so as to render judgment and process against it impossible or nugatory; as, where the corporation has been dissolved, or thrown into bankruptcy, or placed in the hands of a receiver, or has made an assignment of its property for the benefit of its creditors."

And the court goes on to say:

"Under the Constitution and laws of the state, the corporation property is the primary fund for the payment of the debts of the corporation, and the statutory liability of the stockholders is a security to be resorted to only when the payment of its debts can not be enforced against its property."

In *North Fairmount Bldg. & Sav. Co.* v. *Rehn*, 6 N. P., 185, a receiver was asked by simple contract creditors who had not exhausted their remedies at law, and the main object of the suit apparently was to secure the recovery of money alleged to have been illegally paid to the directors, and in that case, Smith, J., in the course of an able opinion held that—

"Neither the insolvency of the corporation, nor the execution of an illegal trust deed, nor the failure to collect in full all stock subscriptions, nor all together, gave to these simple contract creditors any lien upon the property of the corporation." See 2 Pomeroy Eq. Jurisq., Section 1046.

And the court concluded that the court of equity had no power to proceed to apply the corporation assets to the payment of the corporate debts, until the creditor had exhausted his remedies at law.

In *Hollins* v. *Coal & Iron Co.*, 150 U. S., 371, a receiver was asked, and the object of the suit was the recovery of unpaid stock subscriptions, and the Supreme Court of the United States held:

"The rule that simple contract creditors can not reach the property of their debtor in equity, until after they have obtained judgment on their claims, applies to a case where the debtor is a corporation and the unpaid stock subscription is sought to be reached."

In *Bigelow* v. *Andress*, 31 Ill., 322, 344, it was held:

"The complainants having no judgment, execution, or even lien on the property, they occupy the same situation as any other simple contract creditor, and an allegation of danger of loss could not give jurisdiction in such a case. The current, as well as the weight of authority, both in Great Britain and this country, seems to be that a court of equity will not interfere until the plaintiff has secured judgment; if he desires to have a fraudulent obstruction removed, or if it is to subject an equitable estate, not liable to sale or execution, he must exhaust his legal remedies by obtaining a judgment, and a return of 'nulla bona' before a court of equity will afford such relief."

Guided by these authorities, we know of no reason why these cross-petitioners should be permitted, through the equitable remedy of a receiver, to proceed either against the stockholders direct, or indirectly through the corporation, in an endeavor to subject the unpaid balance of stock subscriptions to their claims.

The defendant in error contends, however, that as the court acquired equitable jurisdiction, it will retain the bill and grant all proper relief, and for this reason the appointment of a receiver is to be upheld. It is generally true, that when equity once acquires jurisdiction of a matter, it retains it for the purpose of granting all proper relief. This principle proceeds upon the theory that equity discountenances a multiplicity of suits, and also because it requires no other court to do its work; but one of the fundamental considerations is, that the court shall have jurisdiction in the first instance.

Furthermore, equity never seeks to act in contravention of law, nor does it seek to confer jurisdiction upon itself, when it appears by the pleadings or evidence, that there is an ample remedy at law.

The petition of plaintiff, as stated at the outset, contained two causes of action, one of which was equitable in its nature, and the other legal. The statement of counsel for plaintiff apprised the court that as to him the action was abandoned, and that the plaintiff had no interest in the motion for the appointment of a receiver. The petition, however, does not appear to be dismissed, and if, for that reason, it be said the action is not abandoned, still the *res*, with reference to which relief is sought, being beyond the jurisdiction, and defendant corporation being a foreign corporation, the court could not entertain the action, because no decree entered by it could be made effective. Obviously, a decree against the managing agent would not affect the contract with the corporation, and a decree against the corporation could not be enforced because the court could not enforce a forfeiture of defendant's charter.

In *Penn* v. *Hayward,* 14 Ohio St., 302, it was held:

"Where part only of the persons from whom a conveyance is required, are residents of the state, and the court has not acquired jurisdiction over the persons of the non-residents, so that complete relief can not be had in that suit, the cause will be dismissed; especially where no real necessity exists for trenching upon the rule discountenancing multiplicity of suits."

And in *North State Copper & Gold Min. Co.* v. *Field,* 64 Md., 151 (20 Atl. Rep., 1039), the court said:

"It was not the intention of our statutes to give our court jurisdiction over the internal affairs of a foreign corporation; our courts have no visitorial powers over them, and can enforce no forfeiture of the charter for violation of law, or removal of officers for misconduct."

Eliminating, therefore, the equitable cause of action, there remains in the petition a simple action for debt—a purely legal cause of action. It is scarcely necessary to add that the mere allegation of insolvency made by plaintiff established no right to equitable relief. Upon what ground then, can the cross-petitioners, suing for unliquidated damages, come into the action, and insist upon equitable relief? They too, are simple contract creditors. The cross-petitions are in no sense germane to the original bill, and add nothing to the jurisdiction. The damages sought are peculiarly matters within the purview of a law court and a jury, and ordinarily are not for a chancellor. The parties have certain remedies at law which they have not exhausted, as a matter of fact which they have not even attempted to enforce. Under such circumstances, equity will not afford relief. The remedies provided by law in the creditors' behalf, must be complied with and exhausted, and it must appear to the chancellor that this has been done before equity will entertain the action as a "creditor's bill" in aid of execution, in which other creditors have a right to intervene.

It follows, therefore, that there was no more ground for the cross-petitioners to come into this action than there would be in any ordinary legal action instituted by a creditor.

Finally, while it is true, equitable defenses as well as legal defenses may be waived, we find nothing in the record to justify the contention that there was a waiver by the corporation. For the reasons herein set forth, we are of opinion that the court erred, to the prejudice of the plaintiff in error, in the appointment of a receiver herein, and said judgment is accordingly reversed and the appointment of the receiver is vacated and held for naught, and it is so ordered.

*Charles M. Leslie,* for plaintiff in error.
*Charles F. Williams,* for defendant in error.
*Charles B. Wilby,* for cross-petitioners.